O’Neall, J.
delivered the opinion of the Court.
In an action on the bond of an administrator, the uniform practice has been to declare on the penalty, and leave the assignment of breaches of the condition to the replication, if the defendant should think proper to rely on the performance of the condition as a defence. This would be a sufficient answer to the ground in arrest of judgment; for as to matters of pleading, an uniform and well settled practice is conclusive.
But I think the practice is well sustained by principle. The penalty is the debt demanded, the condition is the discharge of it; and any defence arising out of it must be pleaded. In England, neither the bond nor the condition constitute a part of the record, until set out on oyer in the plea. In this State, by a rule, of Court, a copy of the bond, including the condition, is required to be filed with the declaration; but it does not thereby become a part of the record for the purposes of pleading. It is merely notice to the defendant of the cause of action, and to it, the proof in the cause is confined. It will not cure a defective description of the bond in the declaration. A variance between it and the description of the bond in the declaration, can be ta *341 ken advantage of by demurrer only, after having craved oyer, and set it out in hmc verba. It is therefore unnecessary to notice the condition in the declaration.
On the ground taken for a nonsuit, it has been contended, that as the court of law has no jurisdiction of the accounts of administrators, therefore it would have no jurisdiction of a suit on the penalty of an administrator’s bond, unless it was averred in the declaration, that the administrator had accounted, and a sum certain found to be in his hands, by the judgment of some competent tribunal. This position is supposed to be sustained by the case of Anderson v. Maddox, 3 M‘C. 237. But this supposition is clearly incorrect. The able and learned Judge, who delivered that opinion, never supposed that such an inference could be drawn from it. His whole argument goes to show, that until an account had taken place, and a sum certain was ascertained to be in the hands of the guardian, by the judgment of a court of competent jurisdiction, the plaintiff could not recover. It is true that he says, a court of law has no jurisdiction of the accounts of the guardian or an administrator; and that it is incompetent to investigate them. But this was a want of jurisdiction to hear and determine upon the effect of the evidence, by which it was proposed to sustain the case, and not of the case itself. It appeared from the pleadings then presented to the Court, that no account had been required, and that none had taken place. The condition of the bond was therefore not broken, and the defendant’s plea in discharge intitled him to judgment. If the defendant chose to take issue on the factum of the bond, and go to trial on that plea, it was a waiver of any legal defence of which he could otherwise have availed himself under the condition.
On the grounds taken for a new trial, it is unnecessary to add any thing to the views taken of them by the presiding Judge.
The motions in arrest of judgment, for a nonsuit, or new trial are refused.
Motion refused.